## BURR GOULDING, Appellant, *vs.* H. B. BUNSTER, A. HYATT SMITH, et al.

### APPEAL FROM CIRCUIT COURT, ROCK COUNTY.

Heard October 6.]                              [Decided November 18, 1859.

*Mortgage—Mortgagor and Mortgagee—Assignor and Assignee.*

Where S. was indebted to B. and deeded real estate to him to secure the payment of the debt, and B., for the purpose of retaining security for such debt, and for his own benefit, made his own note to Story, and secured the same by mortgage on the land, and then re-conveyed the land to S.; and Story being dissatisfied with his security, applied to B. for further security, and to take back the note and mortgage, which B. did, on the same day; but, to save the security, B. had it assigned to his brother, who afterwards assigned it to G.; and G. brought suit upon the note and to foreclose the mortgage. Held that S. cannot set up as a defense that the assignment to the brother of B. was an extinguishment of the debt; for, had the note and mortgage actually come back into the hands of B., he might himself have maintained this action against S., the transaction amounting in reality to a mortgage from S. to B.

A court of equity will keep an incumbrance alive or consider it extinguished, as will best serve the purposes of justice, and the actual intention of the parties.

The facts in this case are fully stated in the opinion of the court, by the Chief Justice, in this and the preceding case of *Croft vs. Bunster*, and it was argued by the same counsel, and at the same time as that case was.

*By the Court*, DIXON, C. J. The facts in this case are the same as those in the case of *Croft vs. Bunster and others*, already decided, except as below stated. The note and mortgage in this case were dated, executed and delivered by Bunster to one James W. Story, on the the 22d day of May, 1854.

Vol. IX.                          33

The mortgage was recorded on the 3d day of June following. The note was for $1,000, and payable to Story, or bearer, one year from date, with interest at 12 per cent. Story paid to one Macloon, who was. Bunster's agent for that purpose, $1,000 as the consideration for the same, which sum Macloon paid over to Bunster less $50, retained for his trouble in finding the money and obtaining the loan. Story becoming dissatisfied with the security afforded by the mortgage, on the 10th of July following applied to Bunster to take back the note and mortgage and give him some other securities in their stead. This Bunster agreed to and did do on the same day. But, in order to save the security of the mortgage, caused it to be assigned to his brother, A. W. Bunster. On the 14th of December following, the defendant, H. B. Bunster, procured the note and and mortgage to be assigned and delivered by A. W. Bunster to the plaintiff, who paid a valuable consideration for the same, and after the maturity of the note commenced this action. There is no testimony showing or tending to show that the plaintiff, at the time of the transfer of the note and mortgage to him, had any notice of the manner in which they were executed, or the purpose for which they were assigned to or held by A. W. Bunster. The answer of the defendant Smith is the same in this case as in *Croft vs. Bunster et al.* Bunster makes no answer.

The opinion which we have announced in the case of *Croft vs. Bunster et al.*, is of course in great part applicable to this case also. The only proposition urged in this case, and not in that, was that the assignment and delivery of the note and mortgage by Story to A. W. Bunster to be held by him for the use of H. B. Bunster merged or extinguished the mortgage, so that it could not thereafter have vitality in the hands of A. W. Bunster, or any other person. There was no merger, as neither of the Bunsters had any estate in the lands in which it could be merged. As to its being extinguished, it

Goulding vs. Bunster et al.

·is a well settled rule that "a court of equity will keep an encumbrance alive or consider it extinguished, as will best serve the purposes of justice, and the actual and just intention of the party." *Starr vs. Ellis*, 6 J. C. R., 393; *Lord Compton vs. Oxander*, 2 Ves. Jr., 261. In this case there can be no doubt of the intention of H. B. Bunster, who was alone interested in the security, to keep the encumbrance alive. His object in doing so was innocent and justifiable. Smith actually owed him the money. Had the note and mortgage come back into, and remained in the hands of the defendant H. B. Bunster, there can be little doubt, under the circumstances, that as against Smith he might, within the principles of the following English and American authorities, have enforced it as an *equitable mortgage or lien* in his favor, although in fact executed by himself. It has all the elements of such a security; a fair agreement; the execution of an instrument, with the intention on the part of both that security should be given, and on adequate consideration. *Lyde vs. Mynn*, 4 Sim., 505; *Metcalf vs. Arch Bishop of York*, 6 id., 224; *Burn vs. Burn*, 3 Ves. Jr., 573; *Legard vs. Hodges*, 1 id., 477; *Finch vs. Winchelsea*, 1 Pr. Williams, 277; *Freemault vs. Dedire*, id., 429; *Deacon vs. Smith*, 3 Atk., 323; *Roundell vs. Breary*, 2 Vern., 482; *Ex parte Willis*, 2 Cox, 233; *Pye vs. Danbuz*, 2 Dick., 759; S. C., 3 Br. C. C., 401; *Dale vs. Smithwick*, 2 Vern., 151; *Stewart's Case*, 3 Ves., 576; *Card vs. Jaffray*, 2 Sch. & Lef., 374; *Hankey vs. Vernon*, 2 Cox, 12; *Becket vs. Cordley*, 1 Bro. C. C., 382; *In the matter of Howe*, 1 Paige, 125; *Menude vs. Delaire*, 2 Dessauss. 564; *Delaire vs. Keenan*, 3 id., 74; *Dow vs. Ker*, Spiers' Eq. R., 413.

The judgment of the circuit court must be reversed and the cause remanded, with directions to enter judgment of foreclosure and sale according to the prayer of the complaint.